943 F.2d 50
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Delroy Courtney BROOKS, a/k/a Francis Newton, Defendant-Appellant.
 No. 90-5915.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 26, 1991.
Decided Sept. 12, 1991.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. Frank W. Bullock, Jr., District Judge. (CR-90-194-G)
 Richard A. Elmore, Pfaff, Elmore & Albright, Susan Hayes, Greensboro, N.C., for appellant.
 Robert H. Edmunds, Jr., United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, N.C., for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WILKINSON and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Delroy Courtney Brooks was convicted by a jury of conspiracy to distribute crack (21 U.S.C. § 846) and two counts of possession with intent to distribute crack (21 U.S.C. § 841). He appeals his conviction and sentence and we affirm.
 
 
 2
 Brooks first contends that there was insufficient evidence to convict and that statements he made to police should have been suppressed because he did not receive a Miranda* warning or, if he did, was too nervous to knowingly waive his fifth amendment rights.
 
 
 3
 Brooks was present in a suspected drug house in Greensboro, North Carolina, when a surveillance team arrived. The officers first encountered the owner of the house, Hill, and another man, variously identified as Never, Nevil or Nebble, who had just come out of the house. On seeing the officers, "Never" dropped a plastic bag containing six grams of crack and ran; he was not apprehended. Hill consented to a search of his house. When some of the officers went to the back of the house, they met Brooks coming out the back door. He gave his name as Francis Newton and showed a New York driver's license in that name. He told the officers he was a student at a local college. At some point in the conversation, Brooks was advised of his Miranda rights. The officer who read Brooks his rights testified at the suppression hearing that, when asked if he understood each right, Brooks nodded his head to signify that he did. The officer noted also that Brooks was trembling violently.
 
 
 4
 Inside the house, the officers found Hill's sister and a plastic bag containing 63.1 grams of crack hidden in a bedroom. Hill, his sister, and Brooks were then arrested. After his arrest, Brooks told officers he might be able to show them where "Never" had gone. He led them to several locations where he said "Never" sometimes stayed and one where he hid his drugs, without success. However, while doing so, he told the officers that he and "Never" were partners and were in business together.
 
 
 5
 It was later learned that the college had no student named Francis Newton; Brooks revealed his real name a few days later. At trial, Hill's sister testified that she had not seen Brooks at the house before that day, and that when she saw the officers outside through the window, Brooks had first asked her where he could hide, and then told her he was going to say his name was Francis Newton. Brooks presented no evidence at trial.
 
 
 6
 When taken in the light most favorable to the government, Glasser v. United States, 314 U.S. 60, 80 (1942); United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir.1982), the evidence more than adequately sustains the jury's verdict. The district court's findings that Brooks had been advised of his fifth amendment rights, had indicated his understanding of them, and had waived them before he made any incriminating statements as a result of a custodial interrogation were not clearly erroneous.
 
 
 7
 Brooks also argues that the district court erred in denying him reductions in offense level for acceptance of responsibility and for having a minor role in the offense. Section 3E1.1(a), U.S.S.G., provides for a reduction in offense level when a defendant demonstrates a "recognition and personal responsibility for his criminal conduct." Whether a defendant has done so or not is a factual question. United States v. White, 875 F.2d 427 (4th Cir.1989). Although his lawyer urged him to be forthright in his interview with the probation officer, Brooks denied any guilt. At sentencing he admitted he had taken part in the offense and explained that he had not said so earlier because he was afraid he would prejudice his appeal. After careful consideration, the judge denied the reduction for acceptance of responsibility. This factual determination is not clearly erroneous. Similarly, in light of the admissions made by Brooks that "Never" was in the business of selling crack and he and "Never" were partners, the factual determination that Brooks was not a minor or minimal participant in the offense was not clear error.
 
 
 8
 Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Miranda v. Arizona, 384 U.S. 436 (1966)